

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN. TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 2, 1972

Hon. Bill McCoy
County Attorney
Ector County
Odessa, Texas 79760

Opinion No. M- 1259

Re: Does a conflict of interest
exist for an Ector County
Commissioner when his private
accounting firm is hired by
the 17-county Permian Basin
Regional Planning Commission
of which his county is a member?

Dear Mr. McCoy:

You request our opinion as to the possibilities of
violations of the Commissioner's oath under Article 2340, Vernon's
Civil Statutes, due to an alleged conflict of interest resulting
from the hiring of a firm in which an Ector County commissioner
has an interest by the Permian Basin Regional Planning Commission.

The facts as outlined in your request are:

Ector County is a member of Permian Basin Regional Planning
Commission, organized pursuant to Article 1011m, Vernon's Civil
Statutes. The governing body of the Planning Commission is made up
of the county judges of the member counties. Yearly membership dues
are paid by Ector County as well as all other governmental members,
which funds, along with matching state and federal funds constitute
the annual operating budget of the Planning Commission. Subsequent
to the vote of the commissioner in question, along with all other
members of Ector County Commissioners Court, for entry into the
Planning Commission and the appointment by the court of the County
Judge to the governing body, the Planning Commission hired a private
accounting firm, in which the Ector County Commissioner has an interest,
to perform some work for the Planning Commission.

Article 2340 provides for not only the official oath of
office for county commissioners, but also a written oath concerning
potential conflicts of interest with his public responsibilities
as follows:

". . . each Commissioner shall take the
official oath, and shall also take a written
oath that he will not be directly or indirectly

-6170-

interested in any contract with, or claim
against, the county in which he resides, ex-
cept such warrants as may issue to him as fees
of office.  Each Commissioner shall execute a
bond to be approved by the County Judge in the
sum of three thousand dollars, payable to the
County Treasurer, conditioned for the faithful
performance of the duties of his office, that
he will pay over to his county all moneys il-
legally paid to him out of county funds, as
voluntary payments or otherwise, and that he
will not vote or give his consent to pay out
county funds except for lawful purposes."

From the facts and comments in your letter, we hold that
no conflict with this Article exists in this situation.  The con-
tract of employment in which this Commissioner has an interest is
not with the county and any potential claim would necessarily be
against the Planning Commission and not the county.  It is presumed
that no member county retains any regulatory or veto power on the
use of that county's membership dues paid into the Planning Com-
mission's  operating fund save the vote  of the county judge on the
Commission's governing body.

All public officers or employees, including county commis·
sioners, are subject to the code of ethics as codified in Article
6252-9 of Veron's Civil Statutes.  The public policy as contained
in Section 1 of said Code is:

"It is hereby declared to be the policy
of the Legislature of the State of Texas that
no Member of the Legislature, legislative em-
ployee, elected State official, appointed State
official, employee of a State agency, or any
person who has an office of honor or trust in
the State of Texas or any of its political sub-
divisions shall have any interest, financially
or otherwise, directly or beneficially, or
engage in any business transaction or pro-
fessional activity or incur any obligation
of any nature which is in substantial conflict
with the proper discharge of his duties in the
public interest.  . . ."

It is the very purpose of this ethics code, as well as others, to avoid any possibility of conflicting interests, duties, pecuniary interests or conflicts with the public interest and so makes it the public policy of the State.

From the facts given (i.e. the commissioner is not required to take a position contrary to the interests of the county), it is our opinion that no actual or potential conflicts are presented by the employment of the commissioner's accounting firm by the Permian Basin Regional Planning Commission which could be construed as a violation of the provisions or policies of Article 6252-9 or public policy.

## S U M M A R Y

The Commissioner in question has not violated his oath as contained in Article 2340, V.C.S., by the employment of his accounting firm by the Commission.

The hiring of the private accounting firm of this commissioner by the Permian Basin Regional Planning Commission presents no conflict of interest under Article 6252-9, V.C.S.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Harry C. Green
Assistant Attorney General

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Austin Bray
Ben Harrison
Gerald Ivey
Sig Aronson

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant

-6172-